UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Milling, Benson, Woodward, LLP, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Olga Pavlovna Blakley, MD, § <br> Defendant. § | Civil Action H-20-239 |

# Memorandum and Recommendation

Milling, Benson, Woodward, LLP (Milling) sued Olga Pavlovna Blakley in Louisiana state court on December 7, 2015. (D.E. 1-3 at 4–5.) Over four years later, on January 22, 2020, Blakley removed the case to the Southern District of Texas. (D.E. 1.) Milling moves to remand the case and seeks costs and fees associated with removal. (D.E. 7.) The court recommends that Milling's motion to remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans in Louisiana. Milling's request for an award of costs and fees is denied.

*1. Background*

In 2014, Milling, a Louisiana law firm, provided legal services to Blakley, a Texas resident. (D.E. 1 at 1, 77; D.E. 7 at 2.) In 2015, Milling sued Blakley in Louisiana state court seeking unpaid legal fees of $65,551.51, plus interest and costs. (D.E. 1-3 at 4–5.) Following years of litigation, on November 26, 2019, the state court granted Milling's motion for summary judgment. (D.E. 7 at 12.) The court ordered Blakley to pay $65,555.51 subject to a credit, plus interest, legal fees, and costs. *Id.* Thus, the amount Milling sought in its original petition is equal to the amount awarded in the judgment four years later. Thirteen days after summary judgment was granted, Milling moved to examine Blakley as a judgment debtor. (D.E. 1-1 at 3–4.) On December 23, 2019, the state court ordered Blakley to produce financial records and appear in court on January 30, 2020.

(D.E. 1-1 at 2.) The hearing was set to determine if property seizure would satisfy the judgment. *Id.* On January 22, 2020, Blakley filed her notice of removal. (D.E. 1.) She asserts that the court has subject matter jurisdiction based on her Seventh Amendment right to a jury trial, as well as diversity jurisdiction. *Id.* Milling argues that the court lacks subject matter jurisdiction and moves to remand the case to Louisiana state court. (D.E. 7.)

*2. Removal Venue*

If a civil action filed in state court could have been filed in federal court, a defendant may remove the action to the district court where the state action is pending. 28 U.S.C. § 1441(a). The state action is pending in the Parish of Orleans in Louisiana. Because the statute only allows removal to the district court where the state action is, Blakley may not remove the case to the Southern District of Texas. Therefore, Blakley's notice of removal is improper and remand is appropriate for that reason alone. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

*3. Timing of the Removal*

A notice of removal must be filed within thirty days of service of the initial pleading or receipt by the defendant of any paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b). In any event, a case may not be removed based on diversity of citizenship more than one year after commencement of the action unless the plaintiff acted in bad faith. 28 U.S.C. § 1446(c).

Blakley filed her notice of removal more than four years after service of Milling's initial pleading. Milling's claims are for attorney's fees. There is no federal question. The amount in controversy as set forth in Milling's petition is in all material respects the same as the amount awarded by the state court. There is no evidence that Blakley received any document or paper in December 2019 or January 2020 that put her on notice that the case was removable. Blakley's notice of removal was filed late and the case must be remanded to state court.

"The time limitations in 28 U.S.C. Section 1446 are mandatory and must be strictly construed." *Hodge v. Stallion Oilfield Servs.*, No. CIV.A. H-07-CV-2255, 2007 WL 2777771, at *1 (S.D. Tex. Sept. 20, 2007) (internal quotation omitted).

*4. Costs*

Milling's motion to remand also seeks attorney's fees under 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). Fees should be denied if the removing party had an objectively reasonable basis in removal and reasons for departing from this rule "should be faithful to the purposes" of the statute. *Id.* at 141.

Although removal was not proper, the court is not convinced that Blakley's request was objectively unreasonable. Blakley, a pro se Texas defendant, apparently construed the Louisiana state court's order to appear as a basis for removal. Because the court is not convinced that an award of fees would be just, the court denies Milling's request. "There is no automatic entitlement to such an award." *Goffney v. Bank of America, N.A.*, 897 F. Supp. 2d 520, 528 (S.D. Tex. 2012); s*ee, e.g., Citi Prop. Holdings, Inc. v. Labranche*, No. CIV.A. 11-617, 2011 WL 1980016, at *2 (E.D. La. May 20, 2011) ("[B]ecause the defendants are proceeding pro se, the court will not impose attorneys fees and costs associated with the removal.").

*5. Conclusion*

The court recommends that Milling's motion to remand be granted. Milling's request for costs and fees is denied. All current deadlines are vacated.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140,

147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April __10__, 2020.

_____
Peter Bray
United States Magistrate Judge